IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN V BANKS, | ) | |
| Plaintiff(s), | ) | No C 04-0657 VRW (PR) |
| vs. | ) | ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL/SUMMARY JUDGMENT |
| MICHAEL HENNESSEY, Sheriff, et al, | ) ) ) | |
| Defendant(s). | ) ) | (Doc # 51) |

   While plaintiff was a pretrial detainee at the San Francisco County Jail, he filed the instant pro se civil rights action under 42 USC § 1983 alleging that he is a "transgender/transsexual" inmate under constant fear of assault because jail officials refuse to house him in the sexually vulnerable inmate housing unit known as SXI. According to plaintiff, he expressed his safety concerns to two deputies, but they explained that, under jail policy and practice, he would be moved only if he is first assaulted. Plaintiff seeks an order compelling jail officials to move him to the SXI unit, and damages from the San Francisco Sheriff's Department ("SFSD") for violation of his due process right to personal security as a result of SFSD's unlawful policy and practice.

Per order filed on July 21, 2004, the court found that plaintiff's allegations, liberally construed, stated a colorable claim for injunctive relief under § 1983 for deliberate indifference to safety, which would be served on Sheriff Michael Hennessey. The court also found that the allegations appeared to state a colorable claim for local government/ municipal liability under § 1983 against SFSD. Defendants now move for summary judgment on the ground that there are no material facts in dispute and that they are entitled to judgment as a matter of law. Defendants specifically argue that plaintiff failed to exhaust administrative remedies before filing suit, as required by 42 USC § 199e(a), that plaintiff's claim for injunctive relief was rendered moot by his conviction and transfer to state prison, and that there is insufficient evidence to establish a violation of the Fourteenth Amendment. Plaintiff has filed an opposition and defendants have filed a reply.

**DISCUSSION**

A.  Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R Civ P 56(c). Material facts are those which may affect the outcome of the case. Anderson v Liberty Lobby, Inc, 477 US 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp v Cattrett, 477 US 317, 323 (1986). Where the moving party will have the burden

of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed R Civ P 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 US at 323.

B.   Analysis

Defendants argue that they are entitled to summary judgment because: (1) plaintiff failed to exhaust administrative remedies before filing suit, as required by 42 USC § 199e(a); (2) plaintiff's claim for injunctive relief was rendered moot by his conviction and transfer to state prison; and (3) there is insufficient evidence to establish a violation of the Fourteenth Amendment at trial.

1.   Nonexhaustion

The Prison Litigation Reform Act of 1995 amended 42 USC § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 USC § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 USC § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v Nussle, 534 US 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id (citation

omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id; Booth v Churner, 532 US 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 US at 532.

Nonexhaustion under § 1997e(a) is an affirmative defense.  Wyatt v Terhune, 315 F3d 1108, 1119 (9th Cir 2003).  It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment."  Id (citations omitted).  Defendants' motion for summary judgment on the ground that plaintiff failed to exhaust available administrative remedies before filing suit accordingly will be construed as an unenumerated Rule 12(b) motion to dismiss.

In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact.  Id at 1119-20.  If the court concludes that the prisoner has not exhausted the appropriate administrative process, the proper remedy is dismissal without prejudice.  Id at 1120.

Here, defendants set forth evidence showing that in order to exhaust his administrative remedies at the jail, plaintiff was required to file a prisoner action request and a grievance and, if unsatisfied with the result, appeal the issue to the custody division commander.  They argue that plaintiff did not exhaust his administrative remedies because the evidence shows that although plaintiff filed a prisoner action request and a grievance, he did not appeal their denial to the custody division commander.

/

4

Plaintiff's contention that he was not required to appeal because the jail did not act on his grievance is without merit because the evidence makes clear that his grievance was reviewed and denied by jail staff on February 4, 2004. The evidence further shows that shortly after his grievance was denied, plaintiff chose to file the instant action rather than appeal the denial of his grievance to the custody division commander. Defendants' motion to dismiss for failure to exhaust administrative remedies before filing suit is granted. See McKinney v Carey, 311 F3d 1198, 1199-1201 (9th Cir 2002) (prisoner action must be dismissed unless the prisoner exhausted available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending).

2. Injunctive relief

Defendants argue that plaintiff's claim for injunctive relief was rendered moot by his March 9, 2005 conviction and subsequent transfer to state prison and should be dismissed. The court agrees. It is well-established that where, as here, an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. See Dilley v Gunn, 64 F3d 1365, 1368-69 (9th Cir 1995); Darring v Kincheloe, 783 F2d 874, 876-77 (9th Cir 1986).

3. Deliberate indifference to safety

Defendants argue that they are entitled to summary judgment on plaintiff's Fourteenth Amendment personal safety claim because there is insufficient evidence to establish at trial that jail officials were deliberately indifferent to plaintiff's safety, or that any violation was the direct result of an official policy or practice of SFSD.

A pretrial detainee establishes a violation of the right to personal security protected by the Due Process Clause of the Fourteenth Amendment by demonstrating that prison officials acted with deliberate indifference. Redman v County of San Diego, 942 F2d 1435, 1443 (9th Cir 1991) (en banc). A prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health or safety. Farmer v Brennan, 511 US 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. Negligence is not sufficient to impose liability under § 1983. Id at 835; Frost v Agnos, 152 F3d 1124, 1128 (9th Cir 1998). Rather, the official's conduct must have been "wanton," which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official. Id (citing Wilson v Seiter, 501 US 294, 302-03 (1991)).

In order to prevail on his claim against SFSD, plaintiff must show a violation of his due process right to personal security and that the violation was the direct result of an official policy or practice. See City of Canton v Harris, 489 US 378, 385 (1989). The policy or practice must be a deliberate or conscious choice by SFSD's final policy-making official. See id.

Here, the undisputed evidence shows that on January 31, 2000, plaintiff was arrested on charges of forcible rape and incarcerated in the San Francisco County Jail pending trial. Between January 2000 and April 2005, plaintiff was housed at various points in the jail's general population, the medical unit and administrative segregation. In January and February 2004, when the events underlying this case occurred, plaintiff was housed in administrative segregation at his own request and for his own protection. While in administrative segregation, plaintiff had exposure to only one other inmate at a time.

1  In late January 2004, plaintiff asked jail staff to transfer him from
2  administrative segregation to the SXI unit. Plaintiff's written request did not
3  state that he had any fear for his safety in administrative segregation; rather, it
4  simply stated that he believed SXI housing was more appropriate for him than
5  either administrative segregation or general population housing. Jail staff refused
6  plaintiff's request to be transferred to SXI because plaintiff is a registered sex
7  offender and convicted rapist who was in jail on new charges of forcible rape (of
8  which he was later convicted). Jail policy and practice prohibit inmates
9  convicted or accused of sex offenses from being housed in SXI, lest they prey on
10 sexually vulnerable inmates.

11 Plaintiff's claim that jail staff violated his due process right to personal
12 security as a result of SFSD's policy and practice of not housing any inmates in
13 the SXI unit unless and until they are assaulted is without evidentiary support.
14 First, there is no evidence in the record that in any way suggests that the decision
15 to leave plaintiff in administrative segregation, rather than transfer him to the SXI
16 unit, violated plaintiff's due process right to personal security by ignoring a
17 substantial risk of serious harm to plaintiff. See Farmer, 511 US at 837; Frost,
18 152 F3d at 1128. The undisputed evidence shows that plaintiff was placed in
19 administrative segregation for his protection and there is no indication
20 whatsoever that anyone had any reason to suspect that he faced a substantial risk
21 of serious harm if he remained in administrative segregation. Plaintiff's assertion
22 that he should have been transferred to the SXI unit because other sex offenders
23 like himself have previously been housed in the SXI unit is of no consequence to
24 his personal security claim. See also Hernandez v Johnston, 833 F2d 1316, 1318
25 (9th Cir 1987) (no constitutional right to particular housing classification).
26 /

|   |   |
|---|---|
| 1 | Second, there is no evidence in the record to support plaintiff's claim that |
| 2 | SFSD has an official policy and practice of refusing sexually vulnerable inmates |
| 3 | SXI housing unless and until they are assaulted.  The undisputed evidence shows |
| 4 | that the policy is to house sexually vulnerable inmates in SXI whenever possible, |
| 5 | unless they pose a threat to the SXI population, as plaintiff apparently did. |
| 6 | Plaintiff's wholly conclusory allegation of an unlawful policy and practice is not |
| 7 | enough to defeat defendants' motion for summary judgment.  See Leer, 844 F2d |
| 8 | at 633 (conclusory allegations insufficient to defeat summary judgment). |
| 9 | Plaintiff has set forth no facts showing a genuine issue for trial on his claim that |
| 10 | jail staff violated his due process right to personal security as a result of SFSD's |
| 11 | policy and practice of not housing any inmates in the SXI unless and until they |
| 12 | are assaulted.  Defendants are entitled to summary judgment as a matter of law. |
| 13 | See Celotex Corp., 477 US at 323. |

### CONCLUSION

For the foregoing reasons, defendants' motion for dismissal/summary judgment (doc # 51) is GRANTED.

The clerk shall enter judgment in favor of defendants, terminate all pending motions as moot, and close the file.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

8